UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

CHRISTIAN ZILLER, on behalf of himself
and others similarly situated,

      Plaintiff,

v.

305 SMOKERS LLC, a Florida Limited Liability Company,
MIAMI SMOKERS LLC, a Florida Limited Liability Company,
and ANDRES BARRIENTOS, individually,

      Defendants.
_____/

## COMPLAINT

1.    Plaintiff, CHRISTIAN ZILLER (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2.    Defendants, 305 SMOKERS LLC, a Florida Limited Liability Company, MIAMI SMOKERS LLC, a Florida Limited Liability Company, and ANDRES BARRIENTOS, individually (collectively referred to as "Defendants"), have at all times material to this Complaint owned and operated a restaurant and food services business at multiple locations including in Miami-Dade County at 306 NW 27th Avenue, Miami, Florida 33125 and 1601 Drexel Avenue, Miami Beach, Florida 33139, within the jurisdiction of this Court.

3.    At all times material to this Complaint, Defendants, 305 SMOKERS LLC and MIAMI SMOKERS LLC, directly or indirectly, acted in the interest of an employer toward Plaintiff and the other similarly situated employees, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and the other

employees similarly situated to him. Alternately, Defendants, 305 SMOKERS LLC and MIAMI SMOKERS LLC, and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff and the other similarly situated employees because each, respective division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to Plaintiff and the others similarly situated to him. As a second alternative, Defendants, 305 SMOKERS LLC and MIAMI SMOKERS LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff because they commonly controlled the terms of compensation and employment of Plaintiff and the other similarly situated employees because Defendants are not completely disassociated with respect to the terms of compensation and employment of Plaintiff and the others similarly situated to him. As a final alternative, Defendants, 305 SMOKERS LLC and MIAMI SMOKERS LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, directly or indirectly acted in the interest of an employer toward Plaintiff and the other similarly situated employees at all material times to this Complaint, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and the others similarly situated to him.

4.   Defendant, ANDRES BARRIENTOS, has at all times material to this Complaint owned and managed 305 SMOKERS LLC and MIAMI SMOKERS LLC and Defendant BARRIENTOS has regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the finances and day-to-day management operations of 305 SMOKERS LLC and MIAMI SMOKERS LLC. By virtue of such control and

authority, Defendant BARRIENTOS is an employer of Plaintiff and the other employees of 305 SMOKERS LLC and MIAMI SMOKERS LLC similarly situated to Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

5. Plaintiff brings this action on behalf of himself[1] and other current and former employees of Defendants similarly situated to Plaintiff who have worked as non-exempt restaurant and food preparation employees, however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).  It is the intent of this collective action to apply to all similarly situated employees of Defendants regardless of location.

6. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

7. A substantial part of the events giving rise to this action occurred in Miami-Dade, Florida within the jurisdiction of the United States District Court for the Southern District of Florida.

8. At all times material to this Complaint including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, 305 SMOKERS LLC and MIAMI SMOKERS LLC have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.  In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including during the years 2016, 2017, 2018, and 2019, 305 SMOKERS LLC and MIAMI SMOKERS LLC have employed two (2) or more employees who, *inter alia*, have regularly: (a) handled, worked with, and sold food including but not limited to pork (including bacon, ribs, and pulled pork), brisket, chicken, potatoes, macaroni & cheese, cookies, and both

---

[1] Attached hereto is a signed Consent to Join of CHRISTIAN ZILLER.

freshly cooked and packaged food items from Defendants' smokehouse; (b) handled and worked with cooking equipment such as smokers, grills, and refrigerators which were all goods and/or materials moved in or produced for commerce; (c) handled and worked with computers, telephones, papers, pens, and other supplies and materials in the operation of Defendants' restaurant smokehouse business, all of which were goods and/or materials moved in or produced for commerce; and (d) processed and participated in credit card and electronic bank transactions in interstate commerce.

9. Based upon information and belief, the annual gross sales volume of 305 SMOKERS LLC and MIAMI SMOKERS LLC, individually and/or collectively, has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019.

10. At all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, 305 SMOKERS LLC and MIAMI SMOKERS LLC have constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

11. In numerous work weeks during the three (3) year statute of limitations period between approximately May 2019 and August 2019, Plaintiff worked for Defendants as a non-exempt cashier, prep cook, and line cook based at Defendants' location within the "TimeOut Market" at 1601 Drexel Avenue, Miami Beach, Florida 33139, with Plaintiff's primary duties that consisted of the following non-exempt tasks: (a) assisting customers and running the register; (b) prepping food to be ultimately served as part of meals and food orders for Defendants' customers; and (c) cooking food for Defendants' customers.

12. The additional persons who may become Plaintiffs in this action are Defendants' current and former non-exempt restaurant and food preparation employees, however variously titled, who have worked for Defendants at any location in one or more weeks between October 2016 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants.

13. During numerous work weeks within the three (3) year statute of limitations period between approximately May 2019 and August 2019, Plaintiff regularly worked in excess of Forty (40) hours per week for Defendants while performing non-exempt work as a exempt cashier, prep cook, and line cook for Defendants.

14. Likewise, the other employees of Defendants who are similarly situated to Plaintiff have regularly worked as non-exempt restaurant and food preparation employees however, variously titled, in excess of Forty (40) hours in one or more work weeks for Defendants within the three (3) year statute of limitations period between October 2016 and the present.

15. However, Defendants have failed to pay time and one-half wages for the overtime hours worked by Plaintiff and the other similarly situated non-exempt restaurant and food preparation employees, however variously titled, for all of their actual overtime hours worked during multiple work weeks within the three (3) year statute of limitations period between October 2016 and the present.

16. The primary job duties performed by Plaintiff and the other similarly situated restaurant and food preparation employees, however variously titled, for Defendants between October 2016 and the present *did not* involve the exercise of independent judgment nor were their primary duties administrative tasks that involved exercising discretion for Defendants' general business operations.

17. Likewise, the primary duties and work performed by Plaintiff and the other similarly situated non-exempt restaurant and food preparation employees, however variously titled, for Defendants between October 2016 and the present have required little skill and no capital investment, as these duties *did not* substantially include managerial responsibilities or the exercise of independent judgment with respect to matters of significance in the operation of Defendants' administrative operations.

18. Instead, Plaintiff and the other similarly situated restaurant and food preparation employees, however variously titled, have devoted the majority of their working time for Defendants within the three (3) year statute of limitations period between October 2016 and the present to performing manual labor and other ministerial and clerical tasks for Defendants.

19. Finally, the primary duties of Plaintiff and the other similarly situated non-exempt restaurant and food preparation employees, however variously titled, for Defendants during the three (3) year statute of limitations period between October 2016 and the present *was not* management of any department(s) or job sites of Defendants, and Plaintiff and the other restaurant and food preparation employees, however variously titled, had no authority for and did not regularly interview, hire, discipline, or fire employees of Defendants.

20. During the three (3) year statute of limitations period between approximately May 2019 and August 2019, Plaintiff regularly worked as many as Seven (7) days per week for Defendants, with start times as early as approximately 10:30 a.m. and stop times between approximately 11:00 p.m. to Midnight.

21. However, Defendants failed to pay time and one-half wages for all of the hours that Plaintiff and other non-exempt restaurant and food preparation employees, however variously titled, worked in excess of Forty (40) hours per week in numerous work weeks during the three (3)

year statute of limitations period between October 2016 and the present as required by the Fair Labor Standards Act.

22. Subject to discovery, based upon Defendants paying Plaintiff average gross weekly wages of approximately $900.00 per week for Forty (40) hours of work per week during a total of approximately Ten (10) work weeks between approximately May 2019 and August 2019 and Plaintiff working an average of approximately Seventy-Five (75) hours per week, if Plaintiff's unpaid overtime wages are found to be due and owing at the time and one-half rate of $33.75/hour [$900.00/40 hours = $22.50/hour x 1.5 = $33.75/hour], Plaintiff's unpaid overtime wages total $11,812.50 [$33.75/hour x 35 OT hours/week x 10 weeks = $11,812.50], whereas if Defendants were to be able to demonstrate that the FLSA's "fluctuating workweek method," 29 C.F.R. §778.114, governs the calculation of Plaintiff's unpaid overtime wages on a half-time basis at the rate of $6.00/hour [$900.00/75 hours = $12.00/2 = $6.0/hour], Plaintiff's unpaid overtime wages total $2,100.00 [$6.00/hour x 35 OT hours/week x 10 weeks = $2,100.00].

23. Based upon information and belief, records of start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff and Defendants' other similarly situated non-exempt restaurant and food preparation employees, however variously titled, during each week between October 2016 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7) are in the possession, custody, and/or control of Defendants.

24. Defendants had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff other similarly situated non-exempt restaurant and food preparation employees, however variously titled, during each week between October 2016 and the present but Defendants willfully failed to compensate Plaintiff and the other similarly situated employees for all of their actual overtime hours worked for Defendants, instead accepting the benefits of the work performed

by Plaintiff and other employees without the overtime compensation required by the FLSA, 29 U.S.C. §207.

25. The complete records reflecting the compensation paid by Defendants to Plaintiff and all other similarly situated non-exempt restaurant and food preparation employees, however variously titled, at any location between October 2016 and the present are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

26. Plaintiff, CHRISTIAN ZILLER, readopts and realleges the allegations contained in Paragraphs 1 through 25 above.

27. Plaintiff is entitled to be paid time and one-half of his applicable regular rates of pay for each hour he worked for Defendants as a non-exempt employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately May 2019 and August 2019.

28. All similarly situated non-exempt restaurant and food preparation employees however variously titled, of Defendants are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants at any location but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between October 2016 and the present.

29. Defendants knowingly and willfully failed to pay Plaintiff and the other non-exempt restaurant and food preparation employees, however variously titled, similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week between October 2016 and the present.

30. At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff and other restaurant and food preparation employees, however variously titled, with time and one-half wages for all of their actual overtime hours worked between October 2016 and the present based upon, *inter alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees.

31. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

32. Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated non-exempt restaurant and food preparation employees, however variously titled, as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

33. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

34. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, CHRISTIAN ZILLER and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, 305 SMOKERS LLC, MIAMI SMOKERS LLC, and ANDRES BARRIENTOS, for the payment of all unpaid overtime compensation, liquidated damages,

reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.


Dated:  October 1, 2019                    Respectfully submitted,

                                By:   **KEITH M. STERN**
                                      Keith M. Stern, Esquire
                                      Florida Bar No. 321000
                                      E-mail:  employlaw@keithstern.com
                                      LAW OFFICE OF KEITH M. STERN, P.A.
                                      80 S.W. 8th Street, Suite 2000
                                      Miami, Florida 33130
                                      Telephone:  (305) 901-1379
                                      Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, **305 Smokers LLC, Miami Smokers LLC, and Andres Barrientos**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*Christian Ziller (Oct 1, 2019)*

Christian Ziller